COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-290-CV

H. ROSS PEROT, JR., APPELLANTS

ALLIANCE HERITAGE MUSEUM, 

AND HILLWOOD DEVELOPMENT 

GROUP, L.P. 

V.

HUGHES & LUCE, L.L.P., APPELLEES

AND STEPHEN G. GLEBOFF 

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants H. Ross Perot, Jr., Alliance Heritage Museum, and Hillwood Development Group, L.P., plaintiffs below, attempt to appeal from the trial court’s order granting the motion to transfer venue of Appellees Hughes & Luce and Stephen G. Gleboff, defendants below.  In their motion to transfer venue, Appellees contended that

Tarrant County is not a proper county and no basis exists mandating or permitting venue in Tarrant County;

A substantial part of the events or omissions giving rise to Appellants’ claims did not occur in Tarrant County, contrary to Appellants’ petition; and

The principal offices of Appellees are in Dallas County, and a substantial part of the events or omissions giving rise to Appellants’ claims occurred in Dallas County, making venue proper in Dallas County.

Appellees requested that the case be transferred to Dallas County in its entirety.  Alternatively, if the Tarrant County trial court found that at least one but not all of the Appellants established proper venue in Tarrant County, Appellees requested the transfer of the claims of those Appellants who had not independently established proper venue in Tarrant County.  Appellees did not request the transfer of the claims of any Appellant who had established proper venue in Tarrant County.

The trial court ordered that the cause be transferred to Dallas County in its entirety.  Consequently, the trial court necessarily found that venue is improper in Tarrant County as to all parties.  The trial court did not reach the alternative question of whether a party “independently” established venue.
(footnote: 2)  Accordingly, no interlocutory appeal lies from the trial court’s order.
(footnote: 3)  We therefore grant Appellees’ motion to dismiss and dismiss this case for want of jurisdiction.   PER CURIAM 

PANEL D: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  November 2, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 15.003(a) (Vernon Supp. 2006).

3:
See id.
 § 15.064(a) (Vernon 2002).